Austin W. Anderson, austin@a2xlaw.com
(Application for Admission *Pro Hac Vice* anticipated)
Clif Alexander, clif@a2xlaw.com
(Application for Admission *Pro Hac Vice* anticipated)
**ANDERSON ALEXANDER, PLLC**
Attorneys For Plaintiff and the Putative Class Members
819 North Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

Jesse S. Brar (9469)
**PRESTON BRAR, LLC**
670 East 3900 South, Suite 101
Salt Lake City, Utah 84107
Tel: (801) 269-9541
Fax: (801) 577-1988
jesse@prestonbrar.com

# UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH

| | |
|---|---|
| **TAUNJA LOVE,** **Individually and on behalf of all others similarly situated,** <br><br> Plaintiff, <br><br> v. <br><br> **OVERSTOCK.COM, INC.** <br><br> Defendant. | **COMPLAINT** <br><br> **(PROPOSED FLSA COLLECTIVE PURSUANT TO 29 U.S.C. §216(b)** <br><br> **(PROPOSED CLASS ACTION PURSUANT TO FED. R. CIV. P. 23)** <br><br> **(JURY DEMANDED)** |

## PLAINTIFF'S ORIGINAL COLLECTIVE/CLASS ACTION COMPLAINT

Plaintiff, Taunja Love, brings this action individually and on behalf of all current and former hourly call-center employees (hereinafter "Plaintiff and the Putative Class Members") who worked for Overstock.com, Inc., (hereinafter "Defendant" or "Overstock"), at any time during the relevant statutes of limitation through the final disposition of this matter, to recover compensation, liquidated

damages, and attorneys' fees and costs pursuant to the provisions of Sections 206, 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b); and the Washington Minimum Wage Act, RCW §49.46, *et seq.* ("WMWA"), Washington Wage Payment Act, RCW § 49.48, *et seq.* ("WWPA"), and the Washington Wage Rebate Act ("WWRA"), RCW §49.52, *et seq.* (together the "Washington Acts").

Plaintiff's FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. §216(b), while the additional state law claims are asserted as a class action under Federal Rule of Civil Procedure 23. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## I. OVERVIEW

1. This is a collective action to recover overtime wages, liquidated damages, and other applicable penalties brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and a class action pursuant to the state laws of Washington to recover unpaid straight time, overtime wages, and other applicable penalties.

2. Plaintiff and the Putative Class Members are those similarly situated persons who worked for Overstock in call centers throughout the United States, at any time during the relevant time period(s), and have not been paid for all hours worked, nor the correct amount of overtime in violation of state and federal law.

3. Specifically, Overstock has enforced a uniform company-wide policy wherein it improperly required its non-exempt hourly call-center employees—Plaintiff and the Putative Class Members—to perform work "off-the clock" and without pay in violation of state and federal law.

4. Overstock's illegal company-wide policy has caused Plaintiff and the Putative Class Members to have hours worked that were not compensated and further created a miscalculation of their regular rate(s) of pay for purposes of calculating their overtime compensation each workweek.

5. Although Plaintiff and the Putative Class Members have routinely worked in excess of forty (40) hours per workweek, Plaintiff and the Putative Class Members have not been paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

6. Overstock knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members for all hours worked and the proper amount of overtime on a routine and regular basis during the relevant time period(s).

7. Plaintiff and the Putative Class Members did not (and currently do not) perform work that meets the definition of exempt work under the FLSA or applicable state law.

8. Plaintiff and the Putative Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all straight time, overtime, liquidated damages, and other damages owed under the state laws of Washington as a class action pursuant to Federal Rule of Civil Procedure 23.

9. Plaintiff prays that all similarly situated workers be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

10. Plaintiff also prays that the Rule 23 class is certified as defined herein, and Plaintiff Love be named as Class Representative.

## II.
## THE PARTIES

11. Plaintiff Taunja Love ("Love") was employed by Overstock in Washington during the relevant time period. Plaintiff Love did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

12. The FLSA Collective Members are those current and former hourly call-center employees who were employed by Overstock at any time from February 17, 2019, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Love worked and was paid.

13. The Washington Class Members are those current and former hourly call-center employees who were employed by Overstock in the State of Washington, at any time from February 17, 2019, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Love worked and was paid.

14. Defendant Overstock.com, Inc. ("Overstock") is a foreign for-profit corporation licensed to and doing business in the State of Utah and may be served with process through its registered agent for service of process: **Jonathan E. Johnson, 799 W. Coliseum Way, Midvale, Utah 84047.**

## III.
## JURISDICTION AND VENUE

15. This Court has federal question jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

16. This Court has supplemental jurisdiction over the additional state-law claims pursuant to 28 U.S.C. §1367.

---

[1] The written consent of Taunja Love is hereby filed as "Exhibit A."

17. This Court has personal jurisdiction over Overstock because the cause of action arose within this District as a result of Overstock's conduct within this District and Division.

18. Venue is proper in the District of Utah, because this is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

19. Specifically, Overstock's corporate headquarters are located in Midvale, Utah, which is located within this District and Division.

20. Venue is therefore proper in this Court pursuant to 28 U.S.C. §1391(b).

## IV.
## ADDITIONAL FACTS

21. Overstock is a "leading online retailer of home goods and furnishings"[2] "located near Salt Lake City…[that] has evolved from a fledging startup to a billion-dollar online retailer as a result of a hard-working and creative team."[3]

22. Overstock describes itself as a "customer-focused online retailer"[4] that "provide[s] high-quality merchandise, great value, and exceptional customer service."[5]

23. To provide its services, Overstock employs numerous hourly call-center employees—Plaintiff and the Putative Class Members—who assist Overstock's customers and clients throughout the United States (and the world).

24. Plaintiff and Putative Class Members work for Overstock in call centers owned and operated by Overstock.

---

[2] https://www.overstock.com/careers.

[3] https://www.overstock.com/about.

[4] https://www.overstock.com/downloads/We%20Are%20Overstock.pdf.

[5] https://www.overstock.com/about

25. Plaintiff and the Putative Class Members' job duties consisted of answering phone calls made by Overstock's customers, answering customer/client inquiries, fulfilling orders, accepting payments, selling business products, and generally assisting customers/clients.

26. Plaintiff Love was employed by Overstock in Washington from approximately June 2019 to July 2020.

27. Plaintiff and the Putative Class Members are non-exempt call-center employees who were (and continue to be) paid by the hour.

28. Plaintiff and the Putative Class Members typically worked (and continue to work) approximately forty (40) "on-the-clock" hours per week.

29. In addition to their forty (40) "on-the-clock" hours, Plaintiff and the Putative Class Members worked (and continue to work) an additional one (1) to two (2) hours "off-the-clock" per week for which they were not compensated.

30. Overstock employed (and continues to employ) other individuals who perform(ed) the same or similar job duties under the same pay provisions as Plaintiff.

31. Moreover, Plaintiff and the Putative Class Members are similarly situated with respect to their job duties, their pay structure and, as set forth below, the policies of Overstock resulting in the complained of FLSA and state law violations alleged herein.

32. Overstock was (and continues to be) aware of its obligation to pay Plaintiff and the Putative Class Members for all hours worked and pay the proper amount of overtime for all hours worked in excess of forty (40) each week but has failed to do so.

33. Because Overstock did not pay Plaintiff and the Putative Class Members for all hours worked and time and a half for all hours worked in excess of forty (40) in a workweek, Overstock's pay policies and practices violate the FLSA, and the state laws alleged herein.

**Unpaid Start-Up Time**

34.     Plaintiff and the Putative Class Members were not (and continue to not be) compensated for all the hours they worked for Overstock as a result of Overstock's corporate policy and practice of requiring all call-center employees to be ready to take their first phone call the moment their official shift started.

35.     Specifically, Plaintiff and the Putative Class Members are required to start and log into their computer, open multiple different Overstock computer programs, log in to each Overstock program, and ensure that each Overstock program is running correctly in order to take their first phone call, which comes in as soon as their official shift starts.

36.     This process can take up to thirty (30) minutes or longer each day.

37.     If Plaintiff and the Putative Class Members are not ready and on the phone at shift start, they can be (and often are) subject to discipline.

38.     If Plaintiff and the Putative Class Members clock in prior to their shift start time, they are also subject to discipline.

39.     Therefore, the only way to be ready on time, and avoid discipline, is to prepare the computer "off-the-clock" and without pay.

40.     Although this start-up time is necessary and integral to their job duties, Plaintiff and the Putative Class Members have not been compensated for this time.

41.     Overstock requires Plaintiff and the Putative Class Members to be ready to accept their first customer call the moment the employee's official shift starts.

42.     Overstock also requires that Plaintiff and the Putative Class Members log on and have all the requisite computer programs running before their first phone call at the start of their official shift.

43. As such, Overstock required (and continues to require) that Plaintiff and the Putative Class Members perform these start-up tasks "off-the-clock" before their official shift begins.

### Unpaid Re-Boot Time and Technical Downtime

44. Further, Plaintiff and the Putative Class Members' computers crashed multiple times each week and required Plaintiff and the Putative Class Members to reboot them and complete the start-up process again—log back into their computers, open and sign back into each of their programs, ensure that each program is up and running, clock back in, and resume their work—which took ten (10) minutes or more each time.

45. Plaintiff and the Putative Class Members were not compensated for the time they worked for Overstock rebooting Overstock's computers after they crashed or experienced other technical difficulties.

46. Plaintiff and the Putative Class Members were also not compensated for the time they worked for Overstock resolving computer issues and failures, system issues and failures, program issues and failures, equipment issues and failures, and/or other technical issues or failures, or for the time Overstock engaged them to wait while Overstock attempted to resolve the issues or failures.

47. Upon information and belief, Plaintiff and the Putative Class were not compensated for the time they spent waiting, at Overstock's direction, for the technical or equipment issues or failures to be resolved.

### Unpaid Shut Down Time

48. Plaintiff and the Putative Class Members were (and still are) required to carefully log out of each of Overstock's programs, and fully shut down their computer after their shift end time.

49. Overstock trained Plaintiff and the Putative Class Members to clock out after their last call, and then perform a specific computer shut down process, which could take anywhere from three (3) to five (5) minutes or more each day.

50. If Plaintiff and the Putative Class Members recorded the time they spent on their post-shift shut down process, they would accrue unauthorized overtime and be subject to discipline.

51. Therefore, Overstock did not pay Plaintiff and the Putative Class Members for their post-shift shut down time.

52. As a result of Overstock's corporate policy and practice of requiring Plaintiff and the Putative Class Members to perform their computer start up tasks off-the-clock before the beginning of their shifts, and to perform their computer shut down tasks after the end of their shift, Plaintiff and the Putative Class Members were not compensated for all hours worked, including all worked in excess of forty (40) in a workweek at the rates required by the FLSA.

53. Because Overstock did not pay Plaintiff and the Putative Class Members time and a half for all hours worked in excess of forty (40) in a workweek, Overstock's pay policies and practices willfully violate the FLSA.

54. Because Overstock did not pay Plaintiff and the Putative Class Members for all straight-time and overtime hours worked, Overstock's pay policies and practices also violate the state laws of Washington.

## V.
## CAUSES OF ACTION

### COUNT ONE
**(Collective Action Alleging FLSA Violations)**

A.  **FLSA COVERAGE**

55. All previous paragraphs are incorporated as though fully set forth herein.

56. The FLSA Collective is defined as:

**ALL HOURLY CALL-CENTER EMPLOYEES WHO WERE EMPLOYED BY OVERSTOCK.COM, INC., ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM FEBRUARY 17, 2019 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("FLSA Collective" or "FLSA Collective Members").**

57. At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members have been employees within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

58. At all times hereinafter mentioned, Overstock has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

59. At all times hereinafter mentioned, Overstock has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

60. At all times hereinafter mentioned, Overstock has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had two or more employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

61. During the respective periods of Plaintiff and the FLSA Collective Members' employment by Overstock, these individuals have provided services for Overstock that involved interstate commerce for purposes of the FLSA.

62. In performing the operations described hereinabove, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

63. Specifically, Plaintiff and the FLSA Collective Members are non-exempt hourly call-center employees of Overstock who assisted Overstock's customers throughout the United States. 29 U.S.C. § 203(j).

64. At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members have been individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

65. In violating the FLSA, Overstock acted willfully and without a good faith basis and with reckless disregard of applicable federal law.

66. The proposed collective of similarly situated employees, i.e. putative collective members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 56.

67. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Overstock.

**B. FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA**

68. Overstock violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206–7, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all hours worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

69. Plaintiff and the FLSA Collective Members have suffered damages and continue to suffer damages as a result of Overstock's acts or omissions as described herein; though Overstock is in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

70. Moreover, Overstock knowingly, willfully and in reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees for all hours worked and the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

71. Overstock knew or should have known its pay practices were in violation of the FLSA.

72. Overstock is a sophisticated party and employer, and therefore knew (or should have known) its policies were in violation of the FLSA.

73. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted Overstock to pay them in accordance with the law.

74. The decision and practice by Overstock to not pay for all hours worked or the proper amount of overtime for all hours worked over forty (40) was neither reasonable nor in good faith.

75. Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid for all hours worked and overtime wages for all hours worked in excess of forty (40) in a workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

### C. FLSA COLLECTIVE ACTION ALLEGATIONS

76. All previous paragraphs are incorporated as though fully set forth herein.

77. Pursuant to 29 U.S.C. § 216(b), this collective claim is made on behalf of all of Overstock employees who have been similarly situated to Plaintiff with regard to the work they performed and the manner in which they have not been paid.

78. Other similarly situated employees of Overstock have been victimized by Overstock's patterns, practices, and policies, which are in willful violation of the FLSA.

79. The FLSA Collective is defined in Paragraph 56.

80. Overstock's failure to pay Plaintiff and the FLSA Collective Members for all hours worked and overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of Overstock, and does not depend on the personal circumstances of the Plaintiff or the FLSA Collective Members.

81. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

82. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

83. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked and the proper amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.

84. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

85. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Overstock will retain the proceeds of its violations.

86. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

87. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 56 and notice should be promptly sent.

## COUNT TWO
### (Class Action Alleging Violations of the Washington Acts)

**A. WASHINGTON ACTS COVERAGE**

88. All previous paragraphs are incorporated as though fully set forth herein.

89. The Washington Class is defined as:

**ALL HOURLY CALL-CENTER EMPLOYEES WHO WERE EMPLOYED BY OVERSTOCK.COM, INC., IN WASHINGTON, AT ANYTIME FROM FEBRUARY 17, 2019 THROUGH THE FINAL DISPOSITION OF THIS MATTER ("Washington Class" or "Washington Class Members").**

90. At all times hereinafter mentioned, Overstock has been an employer within the meaning of the Washington Acts, RCW § 49.46.010(4).

91. At all times hereinafter mentioned, Plaintiff Love and the Washington Class Members have been employees within the meaning of the Washington Acts, RCW §49.46.010(3).

92. The employer, Overstock, is not exempt from the requirements under the Washington Acts.

93. Plaintiff Love and the Washington Class Members are not exempt from the requirements under the Washington Acts.

94. The WMWA provide that "no employer shall employ any of his or her employees for a workweek longer than forty hours unless such employee receives compensation for his or her employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he or she is employed." RCW § 49.46.130(1).

95. The WWRA provides that "[a]ny employer or officer, vice principal or agent of any employer ... who ... [w]ilfully and with intent to deprive the employee of any part of his or her wages, shall pay any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract" shall be guilty of a misdemeanor. RCW 49.52.050.

96. Section 49.52.070 of the WWRA provides that any employer who violates the provisions of RCW 49.52.050 shall be liable in a civil action for twice the amount of wages withheld, attorneys' fees, and costs.

97. Pursuant to the WWRA, employees are entitled to a claim under RCW § 49.52.050(2)[6] and § 49.52.070[7] for exemplary damages where the employer willfully, and with intent to deprive, withheld wages. *Wingert v. Yellow Freight Systems, Inc.*, 146 Wn.2d 841, 849 (Wash. 2002).

---

[6] Any employer... who... shall willfully and with intent to deprive the employee of any part of his or her wages, shall pay an employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract... shall be guilty of a misdemeanor."

[7] "Any employer... who shall violate any of the provisions of RCW 49.52.050 (1) and (2) shall be liable in a civil action by the aggrieved employee... to a judgment twice the amount of the wages unlawfully... withheld by way of exemplary damages, together with the costs of suit and reasonable sum for attorney's fees..."

98. The Washington Supreme Court has held that a Plaintiff may be awarded both prejudgment interest and exemplary damages on unpaid wage claims, and noted that "[t]he standard for proving willfulness is low—our cases hold that an employer's failure to pay will be deemed willful unless it was a result or err[or]. *Hill. Garda CL Northwest, Inc.,* 191 Wn.2d 553, 561 (Wash. 2018) (citations omitted).

99. "Willful means merely that the person knows what he is doing, intends to do what he is doing, and is a free agent." *Morgan v. Kingen*, 166 Wn.2d 526, 534 (Wash. 2009) (citations and internal quotations omitted).

**B. FAILURE TO PAY WAGES IN ACCORDANCE WITH THE WASHINGTON ACTS**

100. All previous paragraphs are incorporated as though fully set forth herein.

101. Overstock owes Plaintiff Love and the Washington Class Members wages, as defined in section §49.46.010(7) of the WMWA, to compensate them for labor and services they provided to Overstock in the furtherance of their job duties. *See* RCW §49.46.010(7).

102. Plaintiff Love and other Washington Class Members are not exempt from receiving wages under the Washington Acts.

103. Due to Overstock's policy of requiring Plaintiff Love and the Washington Class Members perform work off-the-clock without pay Plaintiff Love and the Washington Class Members were deprived of pay for all straight time and/or overtime hours, in violation of the Washington Acts. *See* RCW § 49.46.020, § 49.46.090, § 49.46.130 and § 49.52.050.

104. Preparatory and concluding activities that are integral and necessary to the performance of an employee's job are compensable when the employee does not have control over when and where these activities can be made. WAC 296-126-002(8); L&I, Administrative Policy: Hours Worked, No. ES.C.2, Question 9.

105. Plaintiff Love and the Washington Class Members have suffered damages and continue to suffer damages as a result of Overstock's acts or omissions as described herein; though Overstock is in possession and control of necessary documents and information from which Plaintiff Love would be able to precisely calculate damages.

106. As a direct and proximate result of Overstock's unlawful conduct, as set forth herein, Plaintiff Love and the Washington Class Members have been deprived of wages in an amount to be determined at trial, and Plaintiff Love and the Washington Class Members are entitled to recovery of such damages, including interest thereon, as well as attorneys' fees and costs under the Washington Acts, including. RCW § 49.12.150, RCW § 49.46.090, RCW § 49.48.030, RCW § 49.52.07.

107. In violating the Washington Acts, Overstock acted willfully, without a good faith basis and with reckless disregard of clearly applicable Washington law.

108. As a result of Overstock's willful and unlawful conduct, Plaintiff Love and the Washington Class Members have suffered and are entitled to recover as damages twice the amount of all wages unlawfully withheld as exemplary damages, along with attorneys' fees, and costs under RCW 42.52.070. *Morgan v. Kingen,* 166 Wash. 2d 526, 534, 210 P.3d 995, 998 (2009).

109. The proposed class of employees, i.e., Washington class members sought to be certified pursuant to the WMWA, is defined in Paragraph 89.

110. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records or Overstock.

C. **WASHINGTON CLASS ACTION ALLEGATIONS**

111. Plaintiff Love brings her Washington Acts claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by Overstock who have worked in Washington at any time since February 17, 2019.

112. Class action treatment of Plaintiff Love's Washington Acts claim is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

113. The number of Washington Class Members is so numerous that joinder of all class members is impracticable.

114. The claims alleged by Plaintiff Love share common issues of law and fact with the claims of the Washington Class Members.

115. Plaintiff Love is a member of the Washington Class, her claims are typical of the claims of other Washington Class Members, and she has no interests that are antagonistic to or in conflict with the interests of other class members.

116. Plaintiff Love and her counsel will fairly and adequately represent the Washington Class Members and their interests.

117. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

118. Accordingly, the Washington Class should be certified as defined in Paragraph 89.

## VI.
## RELIEF SOUGHT

119. Plaintiff respectfully prays for judgment against Overstock as follows:

    a. For an Order certifying the FLSA Collective as defined in Paragraph 56 and requiring Overstock to provide names, addresses, e-mail addresses, telephone number, and social security numbers of all putative Collective Action Members.

    b. For an Order certifying the Washington Class as defined in Paragraph 89 and designating Plaintiff Love as the Class Representative of the Washington Class;

      c.      For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

      d.      For an Order pursuant to section 16(b) of the FLSA finding Overstock liable for unpaid wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), civil penalties, and for liquidated damages equal in the amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

      e.      For an Order pursuant to Washington law awarding Plaintiff Love and the Washington Class Members unpaid wages and other damages allowed by law;

      f.      For an Order awarding the costs and expenses of this action;

      g.      For an Order awarding attorneys' fees;

      h.      For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

      i.      For an Order awarding Plaintiff Love a service award as permitted by law;

      j.      For an Order compelling the accounting of the books and records of Overstock, at Overstock's expenses; and

      k.      For an Order granting such other and further relief as may be necessary and appropriate

Date: February 21, 2022  Respectfully submitted,

By: /s/ ***Jesse S. Brar***
Jesse S. Brar
**PRESTON BRAR, LLC**
*Attorney for Plaintiff*

By: /s/ ***Clif Alexander***
Clif Alexander
Austin W. Anderson
**ANDERSON ALEXANDER, PLLC**
*Attorneys for Plaintiff*
(*Pro Hac Vice Admissions Pending*)